IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

**DUANE J. RUGGIER, II**
4072 Farmington Drive
Hurricane, WV 25526

      **Plaintiff,**

v.                                           CIVIL ACTION NO.:  3:16-cv-09160
                                                  JUDGE: _____

**GO MART, INC.**
c/o John D. Heater
915 Riverside Drive
Gassaway, WV 26624

      **Defendant.**

## COMPLAINT

Now comes the Plaintiff, Duane J. Ruggier, II, by counsel, Thomas H. Peyton, and for cause of action against the Defendant hereby alleges as follows:

1. The Plaintiff, Duane J. Ruggier, II, is an individual who resides in the city of Hurricane, Putnam County, West Virginia.

2. The Defendant, Go Mart, Inc., (hereinafter referred to as "Go Mart") is authorized to and conducting business in the state of West Virginia. The Defendant's principal office is located in Gassaway, West Virginia. The Defendant is in the business operating retail convenience stores throughout the state of West Virginia.

3. This is a civil rights action filed by the Plaintiff for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex

known as Go Mart located at 6101 Big Otter Highway, Ivydale, Clay County, West Virginia, and being owned and/or operated by the Defendant.

4. The Plaintiff seeks damages, injunctive and declaratory relief, and costs pursuant to the Americans With Disabilities Act of 1991 (42 U.S.C. §§ 12101 *et seq.*) (hereinafter referred to as "ADA") and related West Virginia statutes.

5. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for Americans with Disabilities Act claims.

6. Supplemental jurisdiction for claims brought under parallel West Virginia law arising from the same nucleus of operative facts is predicated on 28 U.S.C. § 1367.

7. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

8. All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of West Virginia, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

9. The Plaintiff is diagnosed with multiple sclerosis which substantially limits his ability to walk and/or stand, requiring him to use a power wheelchair when traveling about in public. Consequently, the Plaintiff is physically disabled, as defined by all applicable West Virginia and United States laws, and a member of the public whose rights are protected by these laws.

10. The Go Mart retail establishment selling gasoline, food, beverages and other convenience items located at 3101 Big Otter Highway, Ivydale, Clay County, West Virginia, is open to the public, is intended for nonresidential use and its operations affect commerce.

11. On or about August 21, 2016, the Plaintiff visited the Go Mart in Ivydale, West Virginia, and encountered barriers (both physical and intangible) that interfered with his ability

to use and enjoy the goods, services, privileges, and accommodations offered at the facility. The barriers at the Ivydale Go Mart included the placement of a large toilet paper dispenser in the restroom above the side wall grab bar with an outlet significantly less than 12 inches above the grab bar.

12. The 1991 Standards for Accessible Design expressly adopted by the ADA which the Plaintiff contends would also comply with the West Virginia Human Rights Act (hereinafter referred to as "WVHRA") directs "The toilet paper dispenser shall be mounted below the grab bar at a minimum height of 19 inches." The 2010 Standards expressly adopted by the ADA which the Plaintiff contends would also comply with the WVHRA directs that if "toilet paper dispensers are installed above the side wall grab bar, the outlet of the toilet paper dispenser must be 48 inches maximum, above the finish floor and the top of the gripping surface of the grab bar must be 33 inches minimum and 36 inches maximum above the finish floor." Also per the 2010 Standards, "The space between the grab bar and projecting objects above shall be 12 inches minimum." The Defendant installed a large toilet paper dispenser above the side wall grab bar with an outlet significantly less than 12 inches above the grab bar.

13. The Plaintiff was deterred from visiting the Go Mart establishment because he knew that the establishment's goods, services, facilities, privileges, advantages and accommodations were unavailable to physically disabled patrons such as himself. The Plaintiff continues to be deterred from visiting the establishment.

14. The Defendant knows that its failure to comply with the Americans With Disabilities Act and the West Virginia Human Rights Act in the precise manner alleged in this action significantly interferes with the ability of the physically disabled to access its facility in violation of state and federal law. The Defendant has the financial resources to remove the

barriers and make the establishment fully accessible to the physically disabled such as the Plaintiff. To date, the Defendant refuses to reasonably modify its facility to afford the Plaintiff a reasonable accommodation when making such modification will not fundamentally alter the nature of the Defendant's business.

15. Title III of the Americans With Disabilities Act holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who assigned, operate, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

16. Go Mart discriminated against Mr. Ruggier by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Ivydale retail establishment during each visit and each incident of deterrence.

17. The Americans With Disabilities Act specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

18. When an entity can demonstrate that removal of a barrier is not readily achievable, failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

19. The Defendant can easily remove the architectural barrier at the Ivydale Go Mart without much difficulty or expense, and that Go Mart violated the ADA by failing to remove the barrier when it was readily achievable to do so.

4

20.     In the alternative, if it was not "readily achievable" for the Defendant to remove the Ivydale Go Mart's barriers, then the Defendant violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

21.     Upon information and belief, the Ivydale Go Mart was designed or constructed (or both) after January 26, 1992---independently triggering access requirements under Title III of the ADA.

22.     The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that are not readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

23.     The Defendant violated the ADA by designing or constructing (or both) the Ivydale Go Mart in a manner that was not readily accessible to the physically disabled public, including the Plaintiff, when it was structurally practical to do so.

24.     Upon information and belief, the Ivydale Go Mart was modified after January 26, 1992, independently triggering access requirements under the ADA.

25.     The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the bathrooms serving that area accessible to the maximum extent feasible. Id. 12183(a)(2)

26.     The Defendant altered the Ivydale Go Mart in a manner that violated the ADA and was not readily accessible to the physically disabled public, including the Plaintiff, to the maximum extent feasible.

27. The Plaintiff seeks all relief available under the Americans With Disabilities Act (i.e., injunctive relief, attorney fees, costs, and legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

28. Pursuant to West Virginia Code § 5-11-2, it is the public policy of the state of West Virginia to provide all of its citizens' equal access to places of public accommodations. Further, equal opportunity in the areas of public accommodations is a human right or civil right of all persons without regard to disability. The denial of these rights to properly qualified persons by reason of disability is contrary to the principles of freedom and equality of opportunity and is destructive to a free and democratic society.

29. The Plaintiff has a physical impairment which substantially limits one or more of his major life activities, to wit: walking. Therefore, the Plaintiff has a disability as defined by West Virginia Code § 5-11-3(m).

30. The Go Mart establishment located in Ivydale, West Virginia, is a place of public accommodations as defined by West Virginia Code § 5-11-3(j).

31. The Defendant committed unlawful discriminatory practices as defined by West Virginia Code § 5-11-9(6)(a) by refusing, withholding from or denying to the Plaintiff because of his disability, either directly or indirectly, the accommodations, advantages, facilities, privileges or services of the Go Mart establishment located in Ivydale, West Virginia.

32. As a direct and proximate result of the unlawful discriminatory practice of the Defendant, the Plaintiff has suffered damages including humiliation, embarrassment, emotional and metal distress, and loss of person dignity.

33. The Plaintiff seeks all relief available under the West Virginia Human Rights Act including a finding that the Defendant has engaged in or is engaging in an unlawful

discriminatory practice, injunctive relief enjoining the Defendant from engaging in such unlawful discriminatory practice and an order requiring the Defendant to modify the Ivydale Go Mart so that the Plaintiff will have an opportunity to access the public accommodations at the Go Mart establishment in Ivydale, West Virginia.

34. The Defendant knew and knows it is in violation of the West Virginia Human Rights Act and the ADA but willfully, intentionally and with total disregard for the civil rights of the Plaintiff failed and refused to modify its Ivydale Go Mart thereby subjecting itself to punitive damages.

WHEREFORE, the Plaintiff respectfully requests the following relief:

1. Injunctive relief and affirmative action sufficient to remedy the discriminatory conduct as charged herein;

2. Declaratory relief finding that the Defendant violated the Americans With Disabilities Act and the West Virginia Human Rights Act;

3. Judgment for incidental damages pursuant to the West Virginia Human Rights Act;

4. Attorney's fees, litigation expenses, and costs of this action;

5. Judgment for punitive damages; and

6. Both pre-judgment and post-judgment interest for any award made herein.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE HEREIN.

DUANE J. RUGGIER, II
BY COUNSEL

/s/ Thomas H. Peyton
THOMAS H. PEYTON, ESQUIRE
West Virginia State Bar No. 8841
PEYTON LAW FIRM, PLLC
2801 First Avenue, P.O. Box 216
Nitro, WV 25143
Telephone: (304) 755-5556
Telefax: (304) 755-1255
*Counsel for the Plaintiff*